```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

------------------------------x
                              :
APRIL BEUTEL                  :    Civ. No. 3:17CV01193(SALM)
                              :
v.                            :
                              :
NANCY A. BERRYHILL,           :    OCTOBER 11, 2018
ACTING COMMISSIONER,          :
SOCIAL SECURITY ADMINISTRATION:
                              :
------------------------------x
```

## ORDER APPROVING STIPULATION FOR ALLOWANCE OF FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT [Doc. #24]

Plaintiff April Beutel ("plaintiff") filed an application for Supplemental Security Income on December 10, 2013, alleging disability beginning December 3, 2013. See Certified Transcript of the Administrative Record, compiled on September 7, 2017, Doc. #16 (hereinafter "Tr.") at 209-17. Plaintiff's application was denied initially on January 27, 2014, see Tr. 152-60, and upon reconsideration on March 12, 2014. See Tr. 161-63. On September 23, 2015, plaintiff, represented by Attorney Maurice Maitland, appeared and testified at a hearing before Administrative Law Judge ("ALJ") Deirdre R. Horton. See Tr. 94-125. On March 1, 2016, the ALJ issued an unfavorable decision. See Tr. 59-78. On May 23, 2017, the Appeals Council denied plaintiff's request for review, thereby making the ALJ's March 1, 2016, decision the final decision of the Commissioner. See Tr. 1-7. After exhausting her administrative remedies, plaintiff, now represented by Attorney

1

Olia Yelner, filed the Complaint in this case on July 18, 2017. [Doc. #1]. The parties consented to the undersigned's jurisdiction on September 14, 2017. [Doc. #14].

On October 30, 2017, the Commissioner ("defendant") filed her Answer and the official transcript. [Doc. #16]. On December 28, 2017, plaintiff filed a motion to reverse the decision of the Commissioner. [Doc. #18]. On February 26, 2018, defendant filed a motion to affirm the decision of the Commissioner. [Doc. #20].

On July 2, 2018, the undersigned issued a Ruling granting plaintiff's motion to reverse, to the extent plaintiff sought a remand for further administrative proceedings. See Doc. #21. Judgment entered in plaintiff's favor on July 3, 2018. [Doc. #22].

On September 28, 2018, plaintiff filed a Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, along with an itemization of the hours incurred in prosecuting this matter. [Doc. #23]. On October 11, 2018, the parties filed a Stipulation for Allowance of Fees Under the Equal Access to Justice Act ("Stipulation"). [Doc. #24].

Although the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review the fee application and determine whether the proposed fee award is reasonable. "[T]he determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation." Pribek v. Sec'y, Dep't of Health & Human Servs., 717

F. Supp. 73, 75 (W.D.N.Y. 1989) (citation and internal quotation marks omitted); see also Rogers v. Colvin, No. 4:13CV945(TMC), 2014 WL 630907, at *1 (D.S.C. Feb. 18, 2014); Design & Prod., Inc. v. United States, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation"). The Court therefore has reviewed plaintiff's motion and supporting itemization to determine whether the stipulated amount is reasonable.

For the reasons set forth herein, the Court **APPROVES and SO ORDERS** the parties' Stipulation for Allowance of Fees Under the Equal Access to Justice Act [**Doc. #24**], for the stipulated amount of **$7,900**. In light of the parties' Stipulation, plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [**Doc. #23**] is **TERMINATED, as moot.**

## DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the Equal Access to Justice Act ("EAJA" or the "Act"), 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (citing

3

Sullivan v. Hudson, 490 U.S. 877, 883 (1989)). In order for an award of attorney's fees to enter, this Court must find (1) that the plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. See 28 U.S.C. §2412(d)(1)(B).

In her motion, plaintiff's attorney claims fees in the amount of $8,453.97, for 44.10 hours at the rate of $191.70 per hour. See Doc. #23 at 1-2; see also Doc. #23-1 at 1-2. The parties have now reached an agreement under which the defendant would pay a total of $7,900.00 in fees, which represents approximately 41.20 hours of attorney time. See Doc. #24; see also Doc. #23-1. It is plaintiff's burden to establish entitlement to a fee award, and the Court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983) (interpreting 42 U.S.C. §1988, which allows a "prevailing party" to recover "a reasonable attorney's fee as part of the costs").[1] This Court has a duty to review plaintiff's itemized time log to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]"

---

[1] The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7.

4

Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." J.O. v. Astrue, No. 3:11CV1768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014) (quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)).

Here, the Court finds that plaintiff has satisfied the requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of fees may enter. Specifically, the Court finds that: (1) plaintiff is a prevailing party in light of the Court having partially granted plaintiff's motion to reverse and having ordered a remand of this matter for further administrative proceedings; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely filed.[2] See 28 U.S.C. §2412(d)(1)(B). The Court next turns to the reasonableness of the fees sought.

In this case, plaintiff's counsel seeks payment for a total of 41.20 hours of attorney time, reduced from the total 44.10 hours originally sought. See Docs. #23-1, #24. The transcript in this case was comprised of 505 pages and plaintiff's counsel

---

[2] Plaintiff's motion is timely as it was filed within thirty days after the time to appeal the final judgment had expired. See Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) ("[A] 'final judgment' for purposes of 28 U.S.C. §2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired.").

submitted a thorough and well-reasoned brief. The Court finds the time reasonable for the work claimed in the motion, including: preparation of the Complaint [Doc. #1]; preparation of the motion for leave to proceed in forma pauperis [Doc. #2]; preparation of the motion to reverse [Doc. #18]; preparation of the joint medical chronology [Doc. #18-2]; and review of the administrative record [Doc. #16]. Additionally, plaintiff's counsel here did not represent plaintiff at the administrative level. Cf. Rodriguez, 2009 WL 6319262, at *3 ("Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." (internal quotations and multiple citations omitted)); see also Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004); cf. Barbour v. Colvin, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014). The Court further finds that the 41.20 hours claimed is reasonable as "[c]ourts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10CV1930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012)(citations & internal quotation marks omitted); Cobb v. Astrue, No. 3:08CV1130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009).

Accordingly, the Court finds that the stipulated time is reasonable, particularly in light of the parties' agreement, which adds weight to the claim that the fee award claimed is reasonable. Therefore, an award of $7,900 in fees is appropriate, and the parties' Stipulation for Allowance of Fees Under the Equal Access to Justice Act [**Doc. #24**] is **APPROVED** and **SO ORDERED.** In light of the parties' Stipulation, plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [**Doc. #23**] is **TERMINATED, as moot.**

SO ORDERED at New Haven, Connecticut this 11th day of October, 2018.

                                  /s/
                         Hon. Sarah A. L. Merriam
                         United States Magistrate Judge